United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| JOANNA PEARSON | § | |
| --- | --- | --- |
| | § | |
| v. | § | CIVIL ACTION NO. 4:18-CV-627 |
| | § | JUDGE MAZZANT |
| JP MORGAN CHASE BANK, N.A., et al. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Freedom Mortgage Corporation's ("Freedom") First Amended Motion to Transfer Venue to the United States District Court for the Northern District of Georgia (Dkt. #20). Having considered the motion and the relevant pleadings, the Court finds that Freedom's motion should be denied.

## BACKGROUND

On September 28, 2018, Freedom filed its motion to transfer venue (Dkt. #20). Freedom moves to transfer this case to the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a) and (b). Freedom's co-defendants do not join Freedom's motion.

On October 8, 2018, Plaintiff Joanna Pearson filed an unopposed motion to extend the deadline to file her response to Freedom's motion to transfer venue (Dkt. #32). The Court granted Plaintiff's motion to extend and set Plaintiff's response deadline for October 19, 2018 (Dkt. #35). Plaintiff filed her response to Freedom's motion to transfer venue on October 19, 2018 (Dkt. #41).

On October 30, 2018, Freedom filed a motion for extension of time to file its reply to Plaintiff's response (Dkt. #44). The Court granted Freedom's motion to extend and set Freedom's reply deadline for November 1, 2018 (Dkt. #45). Despite this extension, Freedom did not file a reply.

1

**LEGAL STANDARD**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "The underlying premise of § 1404(a) is that courts should prevent plaintiffs from abusing their privilege under § 1391 by subjecting defendants to venues that are inconvenient under the terms of § 1404(a)." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 313 (5th Cir. 2008). However, there is a strong presumption in favor of a plaintiff's choice of his or her home venue, "which may be overcome only when the private and public factors [cited below] clearly point towards trial in the alternative forum." *Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 672 (5th Cir. 2003) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981)).

"Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). "There can be no question but that the district courts have 'broad discretion in deciding whether to order a transfer.'" *Id.* (quoting *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998)).

"The threshold inquiry when determining eligibility for transfer is 'whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed,' or whether all parties have consented to a particular jurisdiction." *E-Sys. Design, Inc. v. Mentor Graphics Corp.*, 4:17-CV-00682, 2018 WL 2463795, at *1 (E.D. Tex. June 1, 2018) (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). If the threshold inquiry is satisfied, "the focus shifts to whether the party requesting the transfer has demonstrated the

'convenience of parties and witnesses' requires transfer of the action, considering various private and public interests." *Int'l Fidelity Ins. Co. v. Bep Am., Inc., et al.*, A-17-CV-973-LY, 2018 WL 2427377, at *2 (W.D. Tex. May 29, 2018) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1974)).

> The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." . . . The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law."

*In re Volkswagen*, 545 F.3d at 315 (citations omitted). These factors are "not necessarily exhaustive or exclusive" and "none can be said to be of dispositive weight." *Vivint La., LLC v. City of Shreveport*, CIV.A. 14-00617-BAJ, 2015 WL 1456216, at *3 (M.D. La. Mar. 23, 2015) (quoting *In re Volkswagen*, 371 F.3d at 203).

## ANALYSIS

Freedom moves to transfer this case to the United States District Court for the Northern District of Georgia. Although Freedom meets the threshold inquiry, Freedom does not demonstrate that the convenience of the parties and witnesses warrants transferring this case, considering the various private and public interest factors.

### I. Threshold Inquiry

"The threshold inquiry when determining eligibility for transfer is 'whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed,' or whether all parties have consented to a particular jurisdiction." *E-Sys. Design, Inc.*, 2018 WL 2463795, at *1 (quoting *In re Volkswagen*, 371 F.3d at 203). The parties agree that

Plaintiff could have filed her case in the United States District Court for the Northern District of Georgia (Dkt. #20 ¶ 4; Dkt. #41 at p. 6). As the threshold inquiry is satisfied, "the focus shifts to whether the party requesting the transfer has demonstrated the 'convenience of parties and witnesses' requires transfer of the action, considering [the] various private and public interests." *Int'l Fidelity Ins. Co.*, 2018 WL 2427377, at *2 (citing *Gulf Oil Corp.*, 330 U.S. at 508).

## II. Convenience of the Parties

Freedom does not meet its burden of demonstrating that the convenience of the parties and witnesses warrants transferring this case, considering the various private and public interest factors. In fact, Freedom does not cite or discuss any of the private or public interest factors in its motion (Dkt. #20). Instead, Freedom only contends:

> This suit could have been filed in the United States District Court for the Northern District of Georgia because Plaintiff resides in Jonesboro, Georgia, and the properties involved in the Complaint are situated in Covington and Jonesboro, Georgia whereas the Complaint fails to set forth any facts tending to show that the United States District Court for the Eastern District of Texas has any relation to the underlying facts alleged or the properties at issue.

(Dkt. #20 ¶ 4). Accordingly, Freedom does not meet its burden of demonstrating that the private and public interest factors warrant transferring this case.[1]

Even if Freedom addressed the private and public interest factors, Plaintiff details in her Complaint, Amended Complaint, and response to the motion the relationship between Allen, Texas and the facts of this case (Dkt. #1; Dkt. #40; Dkt. #41). Allen is a city in Collin County, Texas. This Court has jurisdiction over Collin County federal court cases. Considering Allen's relation to this case, it seems that many of the public and private interest factors favor trial in the Eastern District of Texas.

---

1. Freedom also cites 28 U.S.C. § 1404(b). However, Freedom does not seek an intra-district transfer. Accordingly, § 1404(b) does not apply.

## CONCLUSION

It is therefore **ORDERED** that Freedom's First Amended Motion to Transfer Venue to the United States District Court for the Northern District of Georgia is **DENIED** (Dkt. #20).

**SIGNED this 30th day of November, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE