United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| JOANNA PEARSON | § | |
| --- | --- | --- |
| | § | |
| v. | § | CIVIL ACTION NO. 4:18-CV-627 |
| | § | JUDGE MAZZANT |
| JP MORGAN CHASE BANK, N.A., et al. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Freedom Mortgage Corporation's ("Freedom") Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim (Dkt. #48) and Defendant JPMorgan Chase Bank, N.A.'s ("Chase") Motion to Dismiss Under Rule 12(b)(6) (Dkt. #58). Having considered the motions and the relevant pleadings, the Court finds that the motions should be denied.

## BACKGROUND

Plaintiff filed her Original Complaint on August 31, 2018 (Dkt. #1). Plaintiff filed her First Amended Complaint on October 18, 2018 (Dkt. #40). Plaintiff alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, against Defendants Experian Information Solutions Inc. ("Experian"); Equifax Information Services LLC ("Equifax"); Trans Union LLC ("Trans Union"); Chase; and Freedom and violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601–2617, against Chase and Freedom.

Plaintiff settled her claims with Equifax, Trans Union, and Chase and Plaintiff stipulated to the dismissal of these defendants (Dkt. #74; Dkt. #85; Dkt. #86; Dkt. #88; Dkt. #91). As a result, the Court dismissed Equifax, Trans Union, and Chase (Dkt. #89; Dkt. #90; Dkt. #92).

Accordingly, Plaintiff's only remaining claims are her FCRA claim against Experian and her FCRA and RESPA claims against Freedom.[1]

On November 1, 2018, Freedom filed its motion to dismiss (Dkt. #48). Plaintiff filed a response to the motion on November 15, 2018 (Dkt. #56). Freedom filed a reply in support of the motion on November 26, 2018 (Dkt. #59).

On November 16, 2018, Chase filed its motion to dismiss (Dkt. #58). Plaintiff filed a response to the motion on November 30, 2018 (Dkt. #62). Chase filed a reply in support of the motion on December 7, 2018 (Dkt. #63).

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "'A claim has facial

---

1. Plaintiff notified the Court that she settled her claims with Experian (Dkt. #87). However, Plaintiff has not sought to dismiss Experian from the suit. Therefore, Experian remains a party to the case.

plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

Freedom contends the Court should dismiss Plaintiff's FCRA and RESPA claims against Freedom as Plaintiff fails to state a claim upon which relief can be granted as the FCRA and RESPA do not apply to business loans (Dkt. #48 at p. 1).[2] The "FCRA does not apply to business

---

2. The parties cite a significant amount of nonbinding authority from other circuits.

transactions, even those involving consumers and their consumer credit information." *Yeager v. TRW, Inc.*, 961 F. Supp. 161, 162 (E.D. Tex. 1997); *see also Hall v. Phenix Investigations, Inc.*, 3:14-CV-0665-D, 2014 WL 5697856, at *9 (N.D. Tex. Nov. 5, 2014) (citing *Matise v. Trans Union Corp.*, 1998 WL 872511, *2 (N.D. Tex. Nov. 30, 1998)). The RESPA "does not apply to credit transaction involving extensions of credit . . . primarily for business, commercial, or agricultural purposes . . . ." 12 U.S.C. § 2606(a)(1); *see also Val-Com Acquisitions Tr. v. CitiMortgage, Inc.*, 4:10-CV-390-Y, 2010 WL 11619589, at *2 (N.D. Tex. Dec. 16, 2010) (quoting 12 U.S.C. § 2606(a)(1)).

In her First Amended Complaint, Plaintiff claims that she took out a personal mortgage on her home and that Freedom serviced the mortgage (Dkt. #40 ¶ 28). In connection with this transaction, Plaintiff signed "numerous documents, including a Uniform Residential Loan Application." (Dkt. #40 ¶ 29). Freedom provides a copy of the Uniform Residential Loan Application and notes that the application states the "Property will be" an "investment:"



(Dkt. #48-2 at p. 2); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)) ("We note approvingly, however, that various other circuits have specifically allowed that '[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.'"). Therefore, Freedom contends the mortgage is a business transaction not subject to the FCRA and RESPA despite Plaintiff's claims that the mortgage was for her primary residence.

Freedom also cites a Reaffirmation Agreement entered into by Plaintiff and Freedom in Plaintiff's Chapter 7 bankruptcy proceeding to reaffirm Plaintiff's mortgage (Dkt. #48-1). On the Cover Sheet of the Reaffirmation Agreement, Plaintiff was asked to answer the question "Are the income amounts on lines 6(a) and 6(e) different?" (Dkt. #48-1 at p. 2). Plaintiff responded:

> ☐ No
> ☑ Yes. Explain why they are different and complete line 10. increased Rental income from Rental properties

(Dkt. #48-1 at p. 2). Freedom argues Plaintiff confirmed in the Reaffirmation Agreement that the property encumbered by the mortgage is a business transaction not subject to the FCRA and RESPA (Dkt. #48).

In response, Plaintiff summarizes the FCRA and contends Freedom's motion is premature as the parties have not conducted discovery (Dkt. #56 at p. 2, 4–8). Plaintiff then argues that the mortgage is a consumer transaction for four reasons:

> (1) [Plaintiff] applied for a personal home loan in 1996; (2) in connection with her application for credit, she completed a residential home loan application and she received the requisite Truth in Lending Act disclosures, which are only required in consumer transactions; (3) she obtained a personal mortgage for the home; and, (4) she occupied the home for ten years as her personal residence.

(Dkt. #56 at p. 9). Concerning Freedom's exhibits, Plaintiff explains she clearly intended to make the property her primary residence (Dkt. #56 at p. 10).

Plaintiff claims the mortgage is a personal transaction while Freedom maintains it is a business transaction. At this point, Plaintiff's claims are at least plausible on their face as the facts alleged in the Amended Complaint raise Plaintiff's right to relief above the speculative level. Accordingly, Freedom's motion to dismiss should be denied.

As stated previously, the Court dismissed Chase pursuant to the parties' settlement (Dkt. #74; Dkt. #86; Dkt. #89). Therefore, Chase's motion to dismiss should be denied as moot.

## CONCLUSION

It is therefore **ORDERED** that Freedom's Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim is hereby **DENIED** (Dkt. #48).

It is further **ORDERED** that Chase's Motion to Dismiss Under Rule 12(b)(6) is **DENIED AS MOOT** (Dkt. #58).

**IT IS SO ORDERED.**

SIGNED this 9th day of May, 2019.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE